UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

T.R., et al.,                    )
                                 )
    Plaintiffs,                  )
                                 )
vs.                              )   Case No. 4:16-CV-1860 (CEJ)
                                 )
JANSSEN PHARMACEUTICALS, INC.,   )
et al.,                          )
                                 )
    Defendants.                  )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand this action to the state court pursuant to 28 U.S.C. § 1447(c). Defendants have responded in opposition, and the issues are fully briefed.

### I.  Background

Plaintiffs initiated this action in the Circuit Court of the City of St. Louis, Missouri, asserting claims arising out of defendants' design, manufacture, sale, marketing, advertising, promotion, and distribution of Risperdal (risperidone) and Invega (paliperidone). Plaintiffs allege that use of Risperdal or Invega caused rapid weight gain, hyperprolactinemia, gynecomastia, galactorrhea, and tardive dyskinesia, among other health conditions. Plaintiffs assert claims of (1) strict products liability, (2) negligence, (3) failure to warn, (4) breach of warranty of merchantability, (5) breach of express warranty, (6) breach of implied warranty, (7) fraud, and (8) negligent misrepresentation.

On November 23, 2016, defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Defendant Janssen Pharmaceuticals is a Pennsylvania corporation with its principal place of business in New Jersey.

Defendant Janssen L.P. was a Pennsylvania organization.[1] Defendant Johnson & Johnson is a citizen of New Jersey. Defendant Janssen Research & Development, LLC, a New Jersey limited liability company, and has one member corporation – a Pennsylvania corporation with a principal place of business in Pennsylvania. In short, defendants are citizens of New Jersey and Pennsylvania. Plaintiffs are citizens of Missouri, New Jersey, Indiana, Alabama, Kentucky, Wisconsin, Texas, West Virginia, Idaho, California, and Nevada.

Despite the lack of complete diversity on the face of the complaint, defendants argue that the case should not be remanded. Defendants urge the Court to first resolve "straightforward questions of personal jurisdiction," which, purportedly, would eliminate the non-diverse plaintiffs' claims. [Doc. # 20 at p. 2]. In the alternative, defendants maintain that subject-matter jurisdiction exists because the non-diverse plaintiffs' claims are fraudulently joined. Plaintiffs counter that the non-diverse plaintiffs' claims are properly joined, and the Court lacks subject matter jurisdiction over this action in the absence of complete diversity of the parties.

## II.  Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Moreover, the removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be

---

[1] According to defendants, defendant Janssen L.P. "was canceled in 2007." [Doc. #1 at 9].

resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

### III. Discussion

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States,' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Defendants argue that, in this case, the Court should dismiss the claims of the non-Missouri plaintiffs for lack of personal jurisdiction before addressing subject matter jurisdiction.[2]

Under *Ruhrgas AG v. Marathon Oil Co.*, the Court has discretion to determine whether to consider its subject-matter jurisdiction or personal jurisdiction first. 526 U.S. 574, 578 (1999) (holding that "[c]ustomarily, a federal court first resolves doubts about its jurisdiction, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry," or otherwise stated, "there is no unyielding jurisdictional hierarchy"). "If personal jurisdiction raises 'difficult questions of [state] law,' and subject-matter jurisdiction is resolved 'as eas[ily]' as personal jurisdiction, a district court will ordinarily conclude that

---

[2] Defendants do not dispute that this Court has personal jurisdiction with respect to the claims of the Missouri plaintiffs. They contend, however, that the non-Missouri plaintiffs cannot piggyback on this personal jurisdiction.

'federalism concerns tip the scales in favor of initially ruling on the motion to remand.'" *Id.* at 586 (quoting *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986)). Notably, however, "in most instances subject-matter jurisdiction will involve no arduous inquiry." *Id.* at 587.

Courts in this district addressing similar personal-jurisdiction arguments have found it appropriate to address the issue of subject matter jurisdiction first. *See, e.g., Hall v. Bayer Corp.*, No. 4-16-CV-1523 (CEJ), 2017 WL 86011 (E.D. Mo. Jan. 10, 2017); *Mcpeters v. Bayer Corp.*, No. 4:16-CV-1680 (SPM), 2017 WL 57250 (E.D. Mo. Jan. 5, 2017); *Dotson v. Bayer Corp.*, 4-16-CV-1593 (PLC), 2017 WL 35706 (E.D. Mo. Jan. 4, 2017); *Spann v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-902 (RLW), 2016 WL 7243535 (E.D. Mo. Dec. 14, 2016); *Mounce v. Bayer Corp.*, No. 4:16-CV-1478 (RLW), 2016 WL 7235707 (E.D. Mo. Dec. 13, 2016); *Dorman v. Bayer Corp.*, No. 4:16-CV-601 (HEA), 2016 WL 7033765 (E.D. Mo. Dec. 2, 2016); *Fahnestock v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-1013 (CEJ), 2016 WL 4397971 (E.D. Mo. Aug. 18, 2016); *Timms v. Johnson & Johnson*, No. 4:16-CV-733 (JAR), 2016 WL 3667982 (E.D. Mo. July 11, 2016); *Joseph v. Combe Inc.*, No. 4:16-CV-284 (RLW), 2016 WL 3339387 (E.D. Mo. June 13, 2016); *Nickerson v. Janssen Pharm., Inc.*, No. 4:15-CV-1762 (RLW), 2016 WL 3030241 (E.D. Mo. May 26, 2016); *Adler v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-155 (RWS), Memorandum and Order (E.D. Mo. Mar. 28, 2016) [Doc. #18]; *Clark v. Pfizer*, No. 4:15-CV-546 (HEA), 2015 WL 4648019 (E.D. Mo. Aug. 5, 2015); *Parker v. Pfizer, Inc.*, No. 4:15-CV-441 (CAS), 2015 WL 3971169 (E.D. Mo. June 30, 2015); *Littlejohn v. Janssen Research & Dev., LLC*, No. 4:15-CV-194 (CDP), 2015 WL 1647901 (E.D. Mo. Apr. 13, 2015).

For their part, defendants cite only one case from the Eighth Circuit in which the court reached the opposite conclusion and decided personal jurisdiction first – *Addelson v. Sanofi*, 4:16-CV-1277 (ERW), 2016 WL 6216124 (E.D. Mo. Oct. 25, 2016). But after considering the complexity of the personal jurisdiction inquiry, and in light of the overwhelming consensus in this district, the Court respectfully disagrees with *Addelson*. *See Spann v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-902 (RLW), 2016 WL 7243535, at *2 (E.D. Mo. Dec. 14 2016) (reasoning that issues of personal jurisdiction require a more fact-intensive analysis). Where, as here, the inquiry into subject matter jurisdiction is not arduous, the better course is to address that issue first. *See id.* at 587–88 ("[B]oth expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject matter jurisdiction] first.") Accordingly, the Court is not persuaded by defendants' arguments, and finds that it is appropriate to determine whether it has subject matter jurisdiction before addressing the issue of personal jurisdiction.

### A. Diversity Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In this case, defendants argue that diversity jurisdiction is not defeated because the non-diverse plaintiffs are fraudulently joined – that is, the Court does not have personal jurisdiction over defendants for the claims brought by the non-Missouri plaintiffs.

The doctrine of fraudulent joinder is an exception to the complete diversity rule. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012), *as corrected* (Nov. 28, 2012).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620. To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). In other words, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Id.* (emphasis in original) (internal quotation marks omitted). Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811). Ergo, the Eighth Circuit has noted that "[f]raudulent joinder is not easily shown by the defendant or lightly found by the district court." *Vang v. PNC Mortg., Inc.,* 517 Fed. Appx. 523, 524 (8th Cir. May 22, 2013) (unpublished per curiam). Indeed "the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule

12(b)(6) motion' since 'we do not focus on the artfulness of the plaintiff's pleadings.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Knudson*, 634 F.3d at 980).

Courts in this district have repeatedly held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. *See Mounce v. Bayer Corp.*, No. 4:16-CV-1478 (RLW), 2016 WL 7235707, at *3 (E.D. Mo. Dec. 13, 2016); *Adler v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-155 (RWS), Memorandum and Order, at 4 (E.D. Mo. Mar. 28, 2016) [Doc. #18]; *Joseph v. Combe Inc.*, No. 4:16-CV-284 (RLW), 2016 WL 3339387, at *2 (E.D. Mo. June 13, 2016); *Triplett v. Janssen Pharms., Inc.*, No. 4:14-CV-2049 (AGF), at 9 (E.D. Mo. July 7, 2015) [Doc. #30] (finding defendants' personal jurisdiction argument failed to address whether nondiverse plaintiffs had colorable claims as required to show fraudulent joinder); *Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 (CEJ), 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (rejecting defendants' attempt to premise a fraudulent joinder argument on the state court's alleged lack of personal jurisdiction); *Littlejohn v. Janssen Research & Dev., LLC*, No. 4:15-CV-194 (CDP), 2015 WL 1647901, at *1 (E.D. Mo. Apr. 13, 2015); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340 (CEJ), 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (rejecting defendants' argument that the "theory of fraudulent joinder—an inquiry into substantive viability of claims—countenances a procedural challenge to a court's personal jurisdiction over a defendant.") This Court agrees that the "fraudulent joinder doctrine requires the Court to consider the merits of plaintiffs' claims under state law, and a personal jurisdiction challenge does not go to the merits of the claim." *Joseph v. Combe Inc.*, 2016 WL 3339387, at *2.

Defendants do not challenge the substantive viability of the plaintiffs' claims. Furthermore, "Courts in this district have determined that the joinder of plaintiffs alleging injury from a single product is not egregious because common issues of law and fact connect the plaintiffs' claims." *Id.* In this case, common issues of law and fact are likely to arise because the plaintiffs all allege that they sustained injuries from the use of Risperdal or Invega. Defendants have therefore failed to meet their burden to establish that plaintiffs' claims are fraudulently joined, and the Court finds that there are "colorable claim[s]" here. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (internal quotation marks omitted).

\* \* \* \* \*

Based on the foregoing, the Court finds that subject-matter jurisdiction is lacking and the matter must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #10] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [Doc. #4] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2017.